UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| In re: | ) | Case No. 11-40439-659 |
| --- | --- | --- |
| | ) | In Proceedings under Chapter 11 |
| **R & G ENTERPRISES, LLC**, | ) | |
| | ) | Hon. Kathy A. Surratt-States |
| | ) | United States Bankruptcy Judge |
| | ) | |
| | ) | MOTION TO USE EXISTING |
| | ) | BANK ACCOUNTS AND |
| Debtor in Possession. | ) | BUSINESS FORMS |
| | ) | |
| | ) | Edward J. Karfeld |
| | ) | Karfeld Law Firm, P.C. |
| | ) | 611 Olive Street, Suite 1640 |
| | ) | St. Louis, Missouri 63101-1711 |
| | ) | Telephone: (314) 231-1312 |
| | ) | |
| | ) | Motion No. _____ |
| | ) | |
| | ) | Hearing Date: January 24, 2011 |
| | ) | Hearing Time: 11:00 a.m. |
| | ) | Location: Courtroom 7 North |

COMES NOW R & G Enterprises, LLC, Debtor in Possession ("Debtor"), by and through its counsel, and for its Motion To Use Existing Bank Accounts and Cash Management Systems, pursuant to 11 U.S.C. §§105, 363, 1107 and 1108 states to the Court as follows:

1. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§157 and 1334.

2. Debtor filed its Voluntary Chapter 11 Petition for Relief on January 18, 2011.

3. Debtor remains in possession of its real and personal property and continues to operate and manage its business as a Debtor in Possession pursuant to 11 U.S.C. §§1107 and 1108.

4. Debtor manufactures tortillas and is the only tortilla factory in the St. Louis market, manufacturing and selling fresh tortillas to restaurants and food distributors in the Midwest area.

**Debtor's Use of Existing Bank Accounts**

5. In order to avoid a disruption in the ordinary and usual business and financial affairs of Debtor and to insure as smooth of a transition into Chapter 11 as possible, it is essential that Debtor be permitted to continue to use its existing bank accounts at Bank of America to process debit card, and ACH transactions, and all transactions until the transfer of those transactions to Debtor's debtor in possession checking accounts is completed.

6. Debtor has maintained two checking accounts (operating account and payroll account) at Bank of America for several years. Prior to the Petition Date all funds which Debtor received were deposited in those account, and Debtor paid its bills, and payroll, through those accounts.

7. As of the date of filing of the Chapter 11 case, Debtor has on deposit in excess of $6,000 in its operating account and approximately $5,000 in its payroll account.

8. The Internal Revenue Service, The Missouri Department of Revenue, and the Missouri Division of Employment Security ("Secured Tax Creditors") claim to have liens on all pre-petition funds on deposit in all bank accounts. It is anticipated that the Secured Tax Creditors will have a lien on all post-petition accounts and other assets if the Court grants Debtor's Motion to Use Cash Collateral.

9. Debtor has filed a motion with this Court requesting an Order authorizing and directing all banks and other financial institutions on which checks, drafts or automated clearing house ("ACH") transfers are drawn to receive, process, honor and pay any and all

such checks, drafts or ACH transfers, whether presented prior to or after the date of the filing of the Chapter 11 case, January 18, 2011, upon the receipt by each such bank or financial institution of notice of such authorization.

10. If the Court grants the motion, Debtor will keep the pre-petition operating account at Bank of America open until all outstanding checks and ACH transfers have been presented for payment, honored and paid.

11. Post-petition, Debtor is opening an operating account and a payroll account at Bank of America and will order checks printed "Debtor in Possession R & G Enterprises, LLC, Case No. 11-40439-659."

12. Post Petition, Debtor's payroll will be prepared by Paychex.

13. If Debtor elects to close a post-petition account and open another operating account, Debtor will promptly notify the Office of the United States Trustee and the Court.

**Debtor's Use of Business Forms**

14. Debtor uses in the ordinary course of its business numerous business forms and records. To minimize expense to the estate and avoid disruption and confusion on the part of employees, customers and suppliers, Debtor is requesting that the Court authorize it to continue to use all existing business forms and records (including but not limited to stationery, purchase orders and invoices), as such business forms and records were in existence immediately before the Petition Date, without reference to the Debtor's status as debtor in possession; provided, however, that, upon depletion of the Debtor's existing stock of business forms, the Debtor will obtain new business forms reflecting its status as debtor in possession. With such authorization, the Debtor will be able to avoid the expense and delay of ordering entirely new business forms. Debtor submits that no party in interest

would be prejudiced in any way by this relief. Debtor has no desire to conceal the fact that it is in Chapter 11, and parties doing business with the Debtor undoubtedly will be aware of the Debtor's status as debtor in possession. Given these circumstances, changing business forms would be unnecessary and unduly burdensome.

15. Under the circumstances, maintenance of the existing bank accounts and business forms with minimal disruption is essential to the successful reorganization of Debtor and is also in the best interests of all creditors and parties in interest.

WHEREFORE, Debtor respectfully requests that the Court enter an Order:

A. Authorizing Debtor to continue to use its existing bank accounts at Bank of America and its post-petition operating account for the limited purposes described above:

B. Authorizing Bank of America to allow transfers to be made into and out of those bank accounts in the same manner as transfers were made pre-petition;

C. Instructing Debtor to notify the Office of the United States Trustee and the Court if Debtor elects to close any post-petition bank account and open another account;

D. Authorizing Debtor to continue to use its existing business forms until they are depleted, at which time Debtor's new business forms will state "debtor in possession" and the case number; and

E. Granting such other and further relief as the Court deems just and proper.

Dated January 19, 2011
Karfeld Law Firm, P.C.
By: /s/ Edward J. Karfeld
Edward J Karfeld, MBE #19912 USDC #10210
611 Olive Street, Suite 1640
St. Louis, MO 63101-1711
Ph: 314-231-1312   Fax: 314-231-3867
ejk@karfeldlaw.com
**Attorneys for Debtor in Possession**