UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  11-40439-659 |
| | ) | In Proceedings under Chapter 11 |
| **R & G ENTERPRISES, LLC**, | ) | |
| | ) | Hon. Kathy A. Surratt-States |
| | ) | United States Bankruptcy Judge |
| | ) | |
| | ) | MOTION FOR ORDER |
| | ) | AUTHORIZING INTERIM USE OF |
| | ) | CASH COLLATERAL AND |
| | ) | GRANTING ADEQUATE |
| Debtor in Possession. | ) | PROTECTION TO CERTAIN |
| | ) | TAX CREDITORS |
| | ) | |
| | ) | Edward J. Karfeld |
| | ) | Karfeld Law Firm, P.C. |
| | ) | 611 Olive Street, Suite 1640 |
| | ) | St. Louis, Missouri 63101-1711 |
| | ) | Telephone: (314) 231-1312 |
| | ) | |
| | ) | Motion No. _____ |
| | ) | |
| | ) | Hearing Date: January 24, 2011 |
| | ) | Hearing Time: 11:00 a.m. |
| | ) | Location: Courtroom 7 North |

R & G ENTERPRISES,  LLC, Debtor-in Possession, ("Debtor"), by and through its attorney, files its Motion for Order Authorizing Interim Use of Cash Collateral and Granting Adequate Protection to the Internal Revenue Service and the Missouri Department of Revenue ("Motion") states to the Court as follows:

**Introduction and Jurisdiction**

1.      Debtor filed a Petition for Relief under Chapter 11 of the United States Bankruptcy Code on January 18, 2011.  Since entry of the Order for Relief, Debtor has remained in possession of its property and has operated its business as a Debtor-in-Possession.

2.     Debtor brings this Motion pursuant to 11 U.S.C. §363(c)(2) and Federal Rule of Bankruptcy Procedure 4001.

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(M).

## History and Background

4.     Debtor manufactures tortillas and is the only tortilla factory in the St. Louis market, manufacturing and selling fresh tortillas to restaurants and food distributors in the Midwest area.

5.     Debtor remains in possession of its real and personal property and Debtor continues to operate and manage its business as a Debtor in Possession pursuant to 11 U.S.C. §§1107 and 1108.

6.     The Internal Revenue Service and the Missouri Department of Revenue (collectively "the Secured Tax Lien Creditors") are creditors of Debtor holding claims totaling approximately $67,000. Pursuant to various liens filed against Debtor, the Secured Tax Lien Creditors claim to have validly perfected pre-petition security interests in Debtor's assets including inventory, equipment, furniture, fixtures, cash accounts, instruments, chattel paper and other rights to payment and the proceeds of the foregoing. Debtor is indebted to the Secured Tax Lien Creditors ("Pre-Petition Indebtedness") as evidenced by tax liens totaling approximately $67,000. Additionally, the Pre-Petition Indebtedness is or might be subject to personal assessment against Greg Abeyta, a member of Debtor, and Barbara M. Abeyta, the only other member of Debtor.

7.      Debtor is negotiating with the Secured Tax Lien Creditors to reach an

agreement with them regarding post-petition use of cash collateral.

8.     Debtor will require use of the Secured Tax Lien Creditor's collateral during the case.  Debtor projects that it will expend up to $60,000 of cash collateral through February 27, 2011, as set forth in the operating budget ("Budget"), a copy of which is attached hereto as **Exhibit A** and is incorporated herein by reference.  Debtor will use the cash, inventory, and accounts that are or which may be subject to liens of the Secured Tax Lien Creditors.

9.     As a Debtor-in-Possession, Debtor needs to use cash collateral in which Secured Tax Lien Creditors hold an interest ("the Cash Collateral") to continue to operate its business and avoid immediate and irreparable harm.  Consequently, Debtor requests this Court to approve an Order authorizing the use of Cash Collateral and further authorizing the granting of adequate protection to Secured Tax Lien Creditors in exchange for their consent to Debtor's use of Cash Collateral.

10.     To avoid immediate and irreparable harm to Debtor's business, it is essential that Debtor obtain the requested Cash Collateral Order to allow its reorganization efforts to proceed.

11.     If the authorization to use Cash Collateral is not obtained, the consequences will include a rapid deterioration of a viable business that can and should be reorganized. Pursuant to Federal Rule of Bankruptcy Procedure 4001, this Court may permit use of Cash Collateral, prior to the final hearing, to the extent necessary to avoid immediate and irreparable harm to Debtor's business.  The immediate and irreparable harm standard, applied to a business that hopes to reorganize, may be satisfied by the threatened loss of business.  In re Ames Department Store, 115 B.R. 34, 36 (Bankr. S.D.N.Y. 1990).  Debtor

has satisfied this standard.

12. Because Debtor's request for interim authority to use cash collateral seeks only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing, the request complies with Federal Rule of Bankruptcy Procedure 4001(b)(2).

13. The Order Authorizing Use of Cash Collateral will represent an arms-length transaction between Debtor and the Secured Tax Lien Creditors. In negotiating the terms of the Order, Debtor will exercise its sound business judgment and uphold its fiduciary duty to the Bankruptcy Estate.

14. As adequate protection for use of its cash collateral the Secured Tax Lien Creditors shall have: a first priority replacement lien in the following post-petition assets of Debtor's estate: all inventory, chattel paper, cash, accounts, equipment, inventory, fixtures, and general intangibles, all accessions, additions, replacements and substitutions relating to the above and all proceeds relating to the above, including insurance, general intangibles and other accounts proceeds and all assets in which the Secured Tax Lien Creditors held a pre-petition lien.

15. The Replacement Lien granted the Secured Tax Lien Creditors in cash collateral shall be subject to all costs and expenses permitted under 28 U.S.C. §1930 and any allowed claim for administrative expense by counsel for Debtor or any Official Unsecured Creditors Committee in an amount not to exceed $60,000.00.

16. Debtor has served notice of the hearing on this Motion on: (a) the United States Trustee; (b) the Twenty Largest Unsecured Creditors; (c) all secured creditors; and (d) any parties who have requested notice pursuant to Federal Rule of Bankruptcy

Procedure 9010(b).

17.     Because denial of the relief sought herein would cause immediate and irreparable injury, loss and damage to  Debtor and its reorganization efforts, the notice of this Motion, sent via facsimile and/or electronic mail, to the Twenty Largest Unsecured creditors, all secured creditors and parties who have requested notice, is not only in compliance with the Federal Rule of Bankruptcy Procedure 4001, but is also more than adequate in these circumstances.

**WHEREFORE**, Debtor prays that the Court enter an Interim Order Authorizing Use of Cash Collateral and provision of Adequate Protection as set forth herein; finding that the Secured Tax Lien Creditors are adequately protected as necessary pursuant to 11 U.S.C. §361 and  §363; and granting such other relief as the Court deems proper.

January 19, 2011

Karfeld Law Firm, P.C.
By: /s/ Edward J. Karfeld
Edward J Karfeld,   MBE #19912 USDC #10210
611 Olive Street, Suite 1640
St. Louis, MO 63101
Ph: 314-231-1312   Fax: 314-231-3867
ejk@karfeldlaw.com

**Attorneys for Debtor in Possession**